IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | | |
|---|---|---|
| ROBERT NAIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-11094 |
| | ) | |
| v. | ) | |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, ROBERT NAIMAN, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, GC SERVICES LIMITED PARTNERSHIP, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. ROBERT NAIMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Troy, County of Oakland, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Oklahoma College Assistance Program (OCAP) (hereinafter, "the Debt").

6. The Debt was for a student loan, which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. GC SERVICES LIMITED PARTNERSHIP, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Texas. Defendant is incorporated in the State of Michigan.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14. Beginning on or about March 6, 2017 Defendant initiated a telephone call to Plaintiff's daughter, and Plaintiff's daughter-in-law.

15. Despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around March of 2017, Defendant proceeded to contact Plaintiff's daughter, and Plaintiff's daughter-in-law and state on a voicemail recording that the call was for Robert Naiman and Defendant needed to speak with Plaintiff. The caller provided a number to call back.

16. During the course of the aforementioned telephone call, Defendant's representative did not state that she was calling to confirm or correct location information.

17. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated multiple telephone calls to Plaintiff's daughter, and Plaintiff's daughter-in-law.

18. Plaintiff's daughter, and Plaintiff's daughter-in-law did not request that they be contacted by Defendant.

19. Plaintiff did not consent to Defendant contacting third parties.

20. Plaintiff's daughter's, and Plaintiff's daughter-in-law's outgoing voicemail message identifies them by name such that any caller could reasonably conclude that the messages being left are not going to Plaintiff directly.

21. Plaintiff did not consent to Defendant communicating with person(s) other than Plaintiff.

22. In its attempts to collect the debt allegedly owed by Plaintiff to Oklahoma College Assistance Program (OCAP), Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

 a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

 b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

 c. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

 d. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

 e. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

 f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND

24. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT NAIMAN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **ROBERT NAIMAN**

By:   s/ Larry P. Smith
      Attorney for Plaintiff

Dated: April 6, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 324-3532
Facsimile:  (888) 418-1277
E-Mail:  lsmith@smithmarco.com